**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SALSAS DE JALISCO CACU, | § | |
| S.A. de C.V., a Mexican Corporation, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-742 |
| | § | |
| GRUPO INDUSTRIAL VIDA, | § | JURY DEMANDED |
| S.A. de C.V., a Mexican Corporation, | § | |
| and MARKET 5201, LLC, | § | |
| a Texas Limited Liability Company, | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
**FOR TRADE DRESS INFRINGEMENT (15 U.S.C. § 1114),**
**FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)),**
**AND FOR COMMON LAW UNFAIR COMPETITION**

The plaintiff Salsas de Jalisco Cacu, S.A. de C.V. ("Salsas"), by its attorneys, Patterson &

Sheridan, LLP, and Abelman, Frayne & Schwab, for its complaint against the defendants Grupo

Industrial Vida, S.A. de C.V. ("Grupo Vida"), and Market 5201, LLC ("Market 5201"), alleges

as follows:

### THE PARTIES

1.      The plaintiff Salsas is and was at all relevant times a corporation organized and

existing under the laws of Mexico, with an office at Rio Churubusco, No. 213, Colonia Granjas,

D.F. Mexico 08400.

2.      Salsas is the distributer of "CHOLULA" brand hot sauce.

3.      Upon information and belief, Grupo Vida is and was at all relevant times a

corporation organized and existing under the laws of Mexico, with a business office at Ejido 300, La Venta del Astillero, Zapopan, Jalisco, México 45221.

4.        Upon information and belief, Grupo Vida sells and exports food products including oats, cereals, granolas, cookies, milk modifiers, chili powder and sauces, honey, candy, and sugar.

5.        Upon information and belief, Grupo Vida sells and exports to the United States "COCULA" salsa hot sauce.

6.        Upon information and belief, Market 5201 is and was at all relevant times a limited liability company organized and existing under the laws of the State of Texas, with a business office at 10613 W Sam Houston Parkway, N Suite 150 Building B, Houston, TX 77064-4657.

7.        Upon information and belief, Market 5201 has imported and distributed "COCULA" salsa hot sauce in interstate commerce, and within this Southern District of Texas.

## JURISDICTION AND VENUE

8.        This is an action seeking injunctive relief and damages for trade dress infringement in violation of the Trademark Act of the United States, more particularly 15 U.S.C. § 1114(1), for false designation of origin in violation of the Trademark Act of the United States, more particularly 15 U.S.C. § 1125(a), and for related pendent acts of unfair competition in violation of Salsas' common law rights.

9.        This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patent, trademark and copyright), and pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

10.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS COMMON TO ALL CAUSES OF ACTION

11.     By this action, Salsas seeks to enjoin the defendants, and those acting in concert with them, from deliberately attempting to confuse the public concerning the source, origin or sponsorship of "COCULA" salsa hot sauce, and from seeking to trade upon and destroy Salsas' distinctive CHOLULA hot sauce trade dress, and its business reputation and good will.

12.     Salsas further seeks an award of damages arising as the result of the defendants' unlawful conduct.

**"Cholula" Hot Sauce**

13.     Since at least 1988, CHOLULA hot sauce has been sold in the United States prominently identified by the distinctive trade dress illustrated to the right.



14.     "CHOLULA" is the 25th best selling condiment in the United States.

15.     In March 2007, Cholula partnered with national pizza chain Papa John's, offering complimentary hot sauce packets with every order.

16.     Cholula has previously and presently sponsors a variety of professional sporting venues and competitions.  It has been served as the "Official Hot Sauce" in concessions at motorsports events including the Toyota Grand Prix of Long Beach and Coca-Cola 600.

17.     Cholula has sponsored collegiate football and tailgating promotions at the Rose Bowl, Sun Devil Stadium and Huskies Stadium.

18.     Cholula is also well established as a wintersports sponsor, partnering with snowboarding competitions including the Cholula Triple Air Show.

**The Cholula Trade Dress**

19.     Salsas is the owner of the trade dress comprised of the unique bottle shape, paper label position and design, and the wooden stopper used for CHOLULA brand hot sauce (the "CHOLULA Trade Dress").

20.     Salsas is the owner of Federal Registration No. 1,918,953 for the elements of the CHOLULA Trade Dress pictured to the right (the "'953 Registration").  The '953 Registration issued on September 12, 1995, is registered on the principal register maintained by the United States Patent and Trademark Office, and is valid, subsisting, and incontestable.



21.     Salsas is the owner of Federal Registration No. 2,860,078 for the elements of the CHOLULA Trade Dress pictured to the right (the "'078 Registration"). The '078 Registration issued on July 6, 2004, is registered on the principal register maintained by the United States Patent and Trademark Office, and is valid, subsisting, and incontestable.



22.     Salsas is the owner of Federal Registration No. 3,921,298 for the elements of the CHOLULA Trade Dress pictured to the right (the "'298 Registration").  The '298 Registration issued on February 15, 2011, is registered on the principal register maintained by the United States Patent and Trademark Office, and is valid and subsisting.

23.     The '953, '078, and '298 Registrations constitute *prima facie* evidence of the

validity of Salsas' CHOLULA Trade Dress, and of its exclusive right to use the trade dress in commerce.

27.     The CHOLULA Trade Dress is inherently distinctive and non-functional.

25.     Since long before the acts of the defendants complained of herein, Salsas, its predecessors in interest, and their licensees have used the CHOLULA Trade Dress to identify the source of CHOLULA brand hot sauce.

26.     Substantial sums have been expended on promotion and advertising in order to establish and maintain consumers' awareness and recognition of the CHOLULA Trade Dress and to create an association in their mind between the CHOLULA Trade Dress and its source and origin.

27.     Long before the acts of the defendants complained of herein, and as the result of the promotion and sale of CHOLULA brand hot sauce, the CHOLULA Trade Dress has acquired a valuable reputation and distinctiveness and is now recognized by consumers as originating from and being associated with a single source.

**<u>The Defendants' Infringing Conduct</u>**



28.     The defendants have distributed the "COCULA" salsa hot sauce pictured to the right, which competes with CHOLULA brand hot sauce and infringes the CHOLULA Trade Dress, in interstate commerce and within this Southern District of Texas.

**AS AND FOR A FIRST CLAIM SEEKING
INJUNCTIVE AND MONETARY RELIEF FOR
<u>TRADE DRESS INFRINGEMENT (15 U.S.C § 1114)</u>**

29.     Salsas realleges paragraphs 1 through 28 as if fully set forth herein.

30.     The defendants' distribution and sale of "COCULA" salsa hot sauce is without the permission, consent or authorization of Salsas, gives rise to a likelihood of confusion, deception and mistake among the public, and constitutes trade dress infringement.

31.     Upon information and belief, the defendants appropriated the CHOLULA Trade Dress with the willful purpose and intent of misleading the public and trading upon the good will and reputation associated with Salsas' registered CHOLULA Trade Dress.

32.     These acts violate the Trademark Act of the United States, and constitute infringement of Salsas' registered CHOLULA Trade Dress in violation of 15 U.S.C. § 1114, *et seq*.

33.     On account of the defendants' activities including the distribution and sale of "COCULA" salsa hot sauce, the public is likely to be confused, misled or deceived as to the source, origin or sponsorship of "COCULA" salsa hot sauce, and Salsas has suffered irreparable injury, including injury to its reputation and good will, for which it has no adequate remedy at law.

34.     On account of the defendants' activities in this State, County and Southern District of Texas, and in interstate commerce, Salsas has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

### AS AND FOR A SECOND CLAIM SEEKING INJUNCTIVE AND MONETARY RELIEF FOR FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

35.     Salsas realleges paragraphs 1 through 34 as if fully set forth herein.

36.     The advertising, marketing, promotion, distribution and sale of "COCULA" salsa hot sauce constitutes the sale of goods bearing, as well as the use of false designations of origin

in interstate commerce, and violates the Trademark Act of the United States.

37.     By reason of the foregoing, the public is likely to be confused, misled or deceived, and Salsas is now and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

38.     Upon information and belief, the defendants undertook the aforementioned conduct with knowledge that it would mislead and deceive, and with the intent to unfairly compete with and injure Salsas.

39.     On account of the activities of the defendants in this State, County and Southern District of Texas, Salsas has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

## AS AND FOR A THIRD CLAIM SEEKING INJUNCTIVE AND MONETARY RELIEF FOR UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW

40.     Salsas realleges paragraphs 1 through 39 as if fully set forth herein.

41.     This cause of action arises under the common law.

42.     The defendants' distribution and sale of "COCULA" salsa hot sauce is misleading and confusing the public and creates a likelihood of injury to Salsas' public image and reputation.

43.     Upon information and belief, as a result of the defendants' distribution and sale of "COCULA" salsa hot sauce, the public is likely to falsely associate the attributes and characteristics of Salsas' CHOLULA hot sauce to "COCULA" salsa hot sauce.

44.     By reason of the foregoing, the defendants have engaged and are continuing to engage in acts of unfair competition in violation of the common law.

45.     Upon information and belief, the defendants adopted "COCULA" salsa hot sauce packaging with knowledge that it was misleading and with the intent to confuse, mislead and deceive consumers, and to unfairly compete with Salsas.

46.     By reason of the foregoing, Salsas is now and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

47.     On account of the activities of the defendants in this State, County and Southern District of Texas, and throughout the United States, Salsas has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

**WHEREFORE**, Salsas demands judgment:

a.     in its favor on its claims of trade dress infringement, false designation of origin and unfair competition,

b.     preliminarily and permanently enjoining and restraining the defendants, their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, from:

(i)     manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting, using or displaying hot sauce or any other products using any packaging or other materials confusingly similar to the CHOLULA Trade Dress;

(ii)     making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display

of hot sauce or any other products using any trade dress confusingly similar to Salsas'
CHOLULA Trade Dress; and

        (iii)   engaging in any other activity constituting infringement of the
CHOLULA Trade Dress, or unfair competition with Salsas;

      c.    directing that the defendants, at their own expense, recall all of their
product and marketing, promotional, and advertising material which bears, incorporates, or
infringes the CHOLULA Trade Dress, or any packaging or other materials confusingly similar to
the CHOLULA Trade Dress, which have been manufactured, distributed, sold or shipped by the
defendants;

      d.    directing that the defendants deliver to Salsas' attorneys or representatives
for destruction all products, labels, signs, prints, packages, molds, plates, dies, wrappers,
receptacles, and advertisements in their possession or under their control bearing any
designations confusingly similar to the CHOLULA Trade Dress, and all plates, molds, matrices
and any other means of making the same;

      e.    directing that the defendants file with the Court and serve on Salsas'
counsel a report in writing and under oath setting forth in detail the manner in which they have
complied with any temporary restraining order, or preliminary or permanent injunction entered
herein within thirty (30) days of receipt of service of any such order or injunction;

      f.    directing such other relief as the Court may deem appropriate to prevent
the public from being misled or deceived;

      g.    awarding Salsas its damages caused by the defendants' manufacture,
production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display

of "COCULA" salsa hot sauce, or any other products bearing any designations confusingly similar to the CHOLULA Trade Dress, and the defendants' total profit realized thereby, and that such award be trebled pursuant to 15 U.S.C. § 1114, *et seq.*;

        h.    for an assessment of costs, interest and attorneys' fees incurred by Salsas; and

        i.    for such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Salsas hereby demands trial by jury of all issues so triable.

Dated:  March 9, 2012

/s/ Keith Jaasma
Keith Jaasma
Texas Bar No. 0794014
S.D. Texas No. 20586
PATTERSON & SHERIDAN, LLP
3040 Post Oak Blvd., Suite 1500
Houston, Texas 77056
Tel:  713.623.4844
Fax: 713.623.4846
E-mail: kjaasma@pattersonsheridan.com

Attorney-in Charge for the Plaintiff
SALSAS DE JALISCO CACU, S.A. DE C.V.

OF COUNSEL:

Lawrence E. Abelman
Michael Aschen
Anthony Coppola
ABELMAN FRAYNE & SCHWAB
666 Third Avenue
New York, New York 10017
Telephone: (212) 949-9022
Facsimile: (212) 949-9190