**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SALSAS DE JALISCO CACU** | § | |
| **S.A. de C.V., a Mexican Corporation,** | § | |
| | § | |
| **Plaintiff/Counter-Defendant,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:12-cv-742** |
| | § | |
| **GRUPO INDUSTRIAL VIDA** | § | **JURY DEMANDED** |
| **S.A. de C.V., a Mexican Corporation,** | § | |
| **and MARKET 5201, LLC,** | § | |
| **a Texas Limited Liability Company,** | § | |
| | § | |
| **Defendants/Counter-Plaintiffs.** | § | |

<u>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS**</u>

COME NOW Defendants Grupo Industrial Vida S.A. de C.V. ("Grupo Industrial Vida")

and Market 5201, LLC ("Market 5201") (collectively "Defendants") and file this Answer to

Plaintiff's Complaint for Injunctive Relief and Damages for Trade Dress Infringement (15

U.S.C. § 1114), for False Designation of Origin (15 U.S.C. § 1125(a)), and for Common Law

Unfair Competition, and affirmative defenses and counterclaims, and would respectfully show

the Court as follows:

<u>**THE PARTIES**</u>

1.      Defendants are without knowledge or information sufficient to admit or deny the

allegations contained in Paragraph 1 of the Complaint, and therefore deny each and every

allegation.

2.      Defendants are without knowledge or information sufficient to admit or deny the

allegations contained in Paragraph 2 of the Complaint, and therefore deny each and every

allegation.

1

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Defendants admit that Plaintiff has asserted claims purporting to arise under the Trademark laws of the United States and Texas common law.  Defendants deny that Plaintiff has stated any claim for which relief can be granted and deny all alleged violations of any law as set forth in Paragraph 8 of the Complaint.

9.      Defendants admit that they are subject to personal jurisdiction in this Court, and are presently unaware of any facts indicating that this Court lacks subject matter jurisdiction over this Action as set forth in Paragraph 9 of the Complaint.

10.      Defendants admit that venue is proper in the Southern District of Texas as set forth in Paragraph 10 of the Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.      Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint concerning any deliberate attempt to confuse the public concerning the source, origin, or sponsorship of "COCULA" salsa and hot sauce, and therefore deny this allegation.  Defendants further deny that they are destroying Salsas' distinctive CHOLULA hot sauce trade dress, or its business reputation and good will.

12.      Defendants deny each and every allegation in Paragraph 12 of the Complaint.

13.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore deny each and every allegation.

14.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore deny each and every allegation.

15.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore deny each and every allegation.

16.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore deny each and every allegation.

17.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint, and therefore deny each and every allegation.

18.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore deny each and every allegation.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny each and every allegation in Paragraph 23 of the Complaint.

24.     Defendants deny each and every allegation in Paragraph 27 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in (the second) Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

**AS AND FOR A FIRST CLAIM SEEKING
INJUNCTIVE AND MONETARY RELIEF FOR
<u>TRADE DRESS INFRINGEMENT (15 U.S.C. § 1114)</u>**

29.     Defendants incorporate by reference each and every response set forth in Paragraphs 1 through 28 of their Answer to the allegations Plaintiff realleges in Paragraph 29 of the Complaint.

30.     Defendants deny each and every allegation in Paragraph 30 of the Complaint.

31.     Defendants deny each and every allegation in Paragraph 31 of the Complaint.

32.     Defendants deny each and every allegation in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

**AS AND FOR A SECOND CLAIM SEEKING INJUNCTIVE
AND MONETARY RELIEF FOR FALSE DESIGNATION
<u>OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)</u>**

35.     Defendants incorporate by reference each and every response set forth in Paragraphs 1 through 34 of their Answer to the allegations Plaintiff realleges in Paragraph 35 of the Complaint.

36.     Defendants deny each and every allegation in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

4

38.     Defendants deny each and every allegation in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

## AS AND FOR A THIRD CLAIM SEEKING
## INJUNCTIVE AND MONETARY RELIEF FOR UNFAIR
## COMPETITION IN VIOLATION OF THE COMMON LAW

40.     Defendants incorporate by reference each and every response set forth in Paragraphs 1 through 39 of their Answer to the allegations Plaintiff realleges in Paragraph 40 of the Complaint.

41.     Defendants deny each and every allegation in Paragraph 41 of the Complaint.

42.     Defendants deny each and every allegation in Paragraph 42 of the Complaint.

43.     Defendants deny each and every allegation in Paragraph 43 of the Complaint.

44.     Defendants deny each and every allegation in Paragraph 44 of the Complaint.

45.     Defendants deny each and every allegation in Paragraph 45 of the Complaint.

46.     Defendants deny each and every allegation in Paragraph 46 of the Complaint.

47.     Defendants deny each and every allegation in Paragraph 47 of the Complaint.

## AFFIRMATIVE DEFENSES

1.     The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, by doctrines of fair use, nominative fair use and/or descriptive use.

3.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's claimed trade dress is functional.

4.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's claimed trade dress is generic.

5.      Plaintiff's claims are barred, in whole or in part, on the basis that the marks or trade dress at issue are not distinctive, do not have secondary meaning, are not capable of becoming distinctive or acquiring secondary meaning and are functional or descriptive.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or estoppel.

7.      Defendants have not infringed any valid trademark or trade dress of Plaintiff under federal or state law.

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendants.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands for some of the reasons set forth herein.

10.      Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' actions.

11.      Without admitting that Plaintiff states a valid claim, Plaintiff is not entitled to equitable relief because Plaintiff has an adequate remedy at law, as the alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.

12.      Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

13.      Plaintiff's claims are barred, in whole or in part, because Defendants are not liable for the acts of others over whom it had no knowledge or control.

14.      Plaintiff's claims are barred, in whole or in part, because the complained-of statements by Defendants constitute mere puffing or opinion(s).

15.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendant for any alleged single wrong.

16.     Plaintiff's punitive or enhanced damage request is barred to the extent that it violates due process under the United States Constitution.

17.     Plaintiff's claims are barred, in whole or in part, by applicable "competitor's privilege."

18.     Plaintiff's trade dress claim is barred as Plaintiff has no enforceable trade dress as Plaintiff's alleged trade dress is not inherently distinctive and/or has not acquired secondary meaning.

19.     Plaintiff's claims are barred, in whole or in part, as none of Defendants' complained-of acts have caused any likelihood of confusion of relevant consumers.

20.     Plaintiff's claims are barred, in whole or in part, due to truthful statements by Defendants.

21.     Plaintiff's claims are barred, in whole or in part, because any infringement (which Defendants do not concede), if any, was innocent.

22.     Plaintiff's trade dress claims are barred because Plaintiff's claimed trade dress is in the public domain or, if enforceable at all, is owned by another.

23.     Upon information and belief, Plaintiff's product or packaging designs were in the public domain and Plaintiff is not entitled to protection in any design elements that are in the public domain.

24.     Plaintiff's claims are barred, in whole or in part, by illegality.

25.     Defendants reserve the right to assert additional defenses based on information learned or gained during discovery.

## DEFENDANTS' COUNTERCLAIMS

### *Jurisdiction and Venue*

26.     Jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367, and 15 U.S.C. §§ 1116 and 1121.

27.     The suit is based on a Federal question and statute, namely 15 U.S.C. §§ 1051 *et seq*.

28.     This Court has pendent jurisdiction over the state claims herein under the provisions of 28 U.S.C. § 1338(b) because these claims are joined with substantial and related claims under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.,* and the other federal claims described herein.

29.     The amount in controversy exceeds the sum or value of $75,000.00.

30.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 and § 1400.

31.     Furthermore, a substantial portion of the events giving rise to the causes of action described herein have occurred in and/or are continuing to occur in Houston, Texas, located in the Houston Division of the Southern District of Texas.

### *Background*

32.     Counter-Defendant Salsas is and was at all relevant times a corporation organized and existing under the laws of Mexico, with an office at Rio Churubusco, No. 213, Colonia Granjas, D.F. Mexico 08400.

33.     Counter-Plaintiff Grupo Vida is and was at all relevant times a corporation organized and existing under the laws of Mexico, with a business office at Ejido 300, La Venta del Astillero, Zapopan, Jalisco, México 45221.

34.     Counter-Plaintiff Market 5201 is and was at all relevant times a limited liability company organized and existing under the laws of the State of Texas, with a business office at 10613 W Sam Houston Parkway, N Suite 150 Building B, Houston, TX 77064-4657.

35.     Grupo Vida is the owner of the trademark COCULA.

36.     Salsas markets hot sauce under the trademark CHOLULA.

37.     COCULA brand hot sauce and chili powder is a famous brand in Mexico.

38.     Salsas and Grupo Vida have been competitors for over 10 years.

39.     Salsas and Grupo Vida are Mexican companies that make their competing hot sauces in their plants in Mexico.

40.     Grupo Vida's products and brand are well known and famous in Mexico.

41.     There are millions of citizens of Mexico or persons who came from Mexico or whose families came from Mexico in the United States

42.     Because of their proximity, millions of Americans and millions of Mexicans regularly travel between the United States and Mexico.

43.     The COCULA brand, reputation, and good will have been well known to a substantial number of persons in the United States for many years.

44.     Salsas knew that Grupo Vida has had contractual relationships with Market 5201 and customers to distribute COCULA hot sauce and chili powder in the United States.

45.     Salsas intentionally interfered with Grupo Vida's contractual relationship with Market 5201 to distribute COCULA hot sauce and chili powder and customers in the United States.

46.     Grupo Vida has filed a trademark application to register COCULA with the United States Patent and Trademark Office ("USPTO"), application serial No. 85645626, filed June 7, 2012.

47.     Grupo Vida is the owner of all trademark rights in the mark COCULA for chili powders and hot sauce.

48.     Grupo Vida is the prior user of the mark COCULA for chili powders and hot sauce in the United States and Mexico.

49.     Salsas filed an intent-to-use trademark application in the United States Patent and Trademark Office, application serial No. 77933008, filed February 10, 2010 to register COCULA for food sauces; hot sauces; seasonings for foods; spices for foods.

50.     In connection with its trademark filing for COCULA, Salsas stated by and through its attorney of record, under oath and penalty of perjury, that:

Declaration

**The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares** that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; **to the best of his/her knowledge and belief** no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and **that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.**

10

Signature: /LEA/ Date Signed: 02/10/2010
Signatory's Name: Lawrence E. Abelman
Signatory's Position: Attorney of record, New York bar member

Emphasis added.

51.     This declaration of Salsas was false.

52.     In connection with its trademark filing for COCULA, Salsas stated by and
through its attorney of record, under oath and penalty of perjury, that:

SIGNATURE(S)
Declaration Signature
If the applicant is seeking registration under Section 1(b) and/or Section 44 of the
Trademark Act, the applicant has had a bona fide intention to use or use through the
applicant's related company or licensee the mark in commerce on or in connection with
the identified goods and/or services as of the filing date of the application. 37 C.F.R.
Secs. 2.34(a)(2)(i); 2.34 (a)(3)(i); and 2.34(a)(4)(ii); and/or the applicant has had a bona
fide intention to exercise legitimate control over the use of the mark in commerce by its
members. 37 C.F. R. Sec. 2.44. If the applicant is seeking registration under Section 1(a)
of the Trademark Act, the mark was in use in commerce on or in connection with the
goods and/or services listed in the application as of the application filing date or as of the
date of any submitted allegation of use. 37 C.F.R. Secs. 2.34(a)(1)(i); and/or the applicant
has exercised legitimate control over the use of the mark in commerce by its members. 37
C.F.R. Sec. 244. **The undersigned, being hereby warned that willful false statements
and the like so made are punishable by fine or imprisonment, or both, under 18
U.S.C. Section1001, and that such willful false statements may jeopardize the
validity of the application or any resulting registration, declares** that he/she is
properly authorized to execute this application on behalf of the applicant; he/she believes
the applicant to be the owner of the trademark/service mark sought to be registered, or, if
the application is being filed under 15 U.S.C. Section1051(b), he/she believes applicant
to be entitled to use such mark in commerce; **to the best of his/her knowledge and
belief** no other person, firm, corporation, or association has the right to use the mark in
commerce, either in the identical form thereof or in such near resemblance thereto as to
be likely, when used on or in connection with the goods/services of such other person, to
cause confusion, or to cause mistake, or to deceive; that if the original application was
submitted unsigned, **that all statements in the original application and this
submission made of the declaration signer's knowledge are true; and all statements
in the original application and this submission made on information and belief are
believed to be true.**

Signature: /lea/ Date: 06/09/2010
Signatory's Name: Lawrence E. Abelman
Signatory's Position: Attorney of record

11

Response Signature
Signature: /lea/ Date: 06/09/2010
Signatory's Name: Lawrence E. Abelman
Signatory's Position: Attorney of record

Emphasis added.

53.     Lawrence E. Abelman is an individual and resident of New York, New York and has acted as a business agent and representative of Salsas, in addition to attorney, and his statements and declarations were done to further the acts of Salsas and are imputed to Salsas.

54.     This declaration of Salsas was false.

55.     Salsas knew that its above quoted sworn statements were false and fraudulent.

56.     Salsas filed a trademark application in Canada, serial No. 1504511, on November 18, 2010 to register COCULA for sauces made from peppers and/or tomatoes; hot sauces; seasonings for foods; spices for foods.

57.     The statements in this Canadian trademark application were false.

58.     Salsas knew that the trademark examiners in the trademark offices would rely on the false and fraudulent statements of Salsas.

59.     Salsas filed the trademark applications to register COCULA to try and damage Grupo Vida's trademark rights and injure Defendants.

60.     At the time Salsas filed its COCULA trademark applications and during the prosecution thereof, it knew of the prior existence of Grupo Vida and the products sold under Grupo Vida's COCULA trademark.

61.     At the time Salsas filed its COCULA trademark applications and during the prosecution thereof and after their issuance, Salsas knew it did not have the exclusive right to use COCULA.

62.     At the time Salsas filed its COCULA trademark applications and during the prosecution thereof and after their issuance, Salsas knew Grupo Vida had the exclusive right to use COCULA for hot sauces.

63.     Grupo Vida has expended substantial time, effort, and money to establish and maintain its trademark rights in COCULA and the reputation and good will associated with Grupo Vida and the COCULA trademark.

64.     The filing of the false trademark applications hurt the business reputation of Defendants and falsely state that Salsas is the owner of the COCULA brand.

65.     Salsas claims to be the owner of a valid Federal Registration No. 1,918,953 for the elements of the alleged CHOLULA Trade Dress pictured to the right of Paragraph 20 of the Complaint (the "'953 Registration").

66.     Salsas claims to be the owner of a valid Federal Registration No. 2,860,078 for the elements of the alleged CHOLULA Trade Dress pictured to the right of Paragraph 21 of the Complaint (the "'078 Registration").

67.     Salsas claims to be the owner of a valid Federal Registration No. 3,921,298 for the elements of the alleged CHOLULA Trade Dress pictured to the right of Paragraph 22 of the Complaint (the "'298 Registration").

68.     Salsas' claimed trade dress is functional.

69.     Salsas knew at the time that it filed its trademark applications that its claimed trade dress was functional.

70.     Salsas' claimed trade dress is generic.

71.     Salsas knew at the time that it filed its trademark applications that its claimed trade dress was generic.

72.     Salsas concealed the fact that its trade dress was functional and generic from the USPTO when it filed the trademark applications resulting in the '953 Registration, the '078 Registration, and the '298 Registration.

73.     Had the USPTO known of the concealed facts that Salsas' trade dress was functional and generic, it would have denied the trademark applications that Salsas' fraudulent omissions proximately caused to result in the '953 Registration, the '078 Registration, and the '298 Registration.

74.     The CHOCULA bottle and bottle top is functional and generic.

75.     The COCULA bottle and bottle top are not likely to cause confusion.

76.     The COCULA labels are different from Salsas' labels and are not likely to cause confusion.

77.     Salsas previously filed suit in Mexico alleging essentially the identical claims against Grupo Vida that have been raised in this suit.

78.     The Mexican trademark office, which hears trademark disputes in Mexico, ruled that Grupo Vida's COCULA bottle, bottle top, and labels did not infringe Salsas' claimed trade dress.

79.     The Mexican trademark office ruled that Salsas' claimed trade dress was functional, generic, and not protectable.

80.     The Charro on the COCULA label is characteristic of a woman from Jalisco, Mexico where the COCULA hot sauce is made.

81.     The Mexican woman in the shawl on the CHOLULA label is characteristic of a woman from Pueblo, Mexican where Salsas' hot sauce is made.

82.     The yellow labels on the COCULA hot sauce is a popular label color on hot sauces because it is one of the few aesthetically pleasing and functionally compatible labels that blend well within the tomato color of the hot sauces.

83.     The tomatoes and chili peppers that are pictured on the COCULA label are representative of two primary ingredients in the COCULA hot sauce.

84.     The use of a neck label on the COCULA hot sauce bottle is generic and functional.

85.     Grupo Vida's use of the COCULA bottle, bottle top, and labels constitutes fair use.

86.     The COCULA bottle is a functional and generic design that is used by many hot sauces.

87.     The COCULA bottle's round wood top is a functional and generic design element that is used on other hot sauces.

88.     The COCULA bottle and wood round top are standard and stock and catalog items that are sold to everyone.

89.     Salsas has unclean hands and its trademark registrations are unenforceable.

<u>**COUNT I:**</u>

<u>**COMMON LAW MISAPPROPRIATION AND UNFAIR COMPETITION**</u>

90.     Counter-Plaintiffs repeat and hereby reallege the above allegations as if fully set forth herein.

91.     Defendant Grupo Vida has incurred extensive time, labor, skill, and money in establishing and maintaining the reputation and goodwill and business associated with Grupo Vida's COCULA trademark.

92.     Salsas has misappropriated Counter-Plaintiffs' business by inducing and promoting unlawful interference with Counter-Plaintiffs' rights.

93.     Salsas has also injured Counter-Plaintiffs by free-riding on the goodwill and reputation associated with COCULA to promote its own product (CHOLULA), thereby gaining a special advantage in that competition because Salsas was burdened with little or none of the expense incurred by Grupo Vida.

94.     Salsas' unlawful use of the COCULA brand and good will misappropriates the reputation, goodwill, and business of Counter-Plaintiffs and interferes with Counter-Plaintiffs' control over their property.

95.     Salsas' attempt to illegally misappropriate the COCULA mark interferes with Counter-Plaintiffs rights to reap the benefits of the efforts expended to develop the market for COCULA hot sauce.

96.     Counter-Plaintiffs are entitled to recover their damages and costs of this action, together with an accounting of profits made by Salsas.

97.     Salsas' acts have been malicious and calculated to injure Counter-Plaintiffs and have caused Counter-Plaintiffs commercial damage.

98.     Counter-Plaintiffs are also entitled to an award of their reasonable attorneys' fees and costs, and punitive damages against Salsas.

99.     Salsas' misappropriation of Grupo Vida's reputation and goodwill and business is irreparably injuring Counter-Plaintiffs' goodwill and eroding the COCULA mark, and unless enjoined by this Court, will continue to do so.

100.    Under the common law of the State of Texas, Counter-Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent Salsas from misappropriation of Grupo

Vida's reputation and goodwill and business and engaging in unfair competition with Counter-Plaintiffs.

## COUNT II:
## TORTIOUS INTERFERENCE

101.    Counter-Plaintiffs repeat and hereby reallege the above allegations as if fully set forth herein.

102.    Salsas has tortiously interfered with the business and contractual relationship of Counter-Plaintiffs.

103.    Salsas has intentionally interfered with the contractual relationship that Grupo Vida has with Market 5021 and customers.

104.    Salsas has misappropriated the business arrangement of Counter-Plaintiffs.

105.    Counter-Plaintiffs accordingly ask that Salsas and its agents, servants, employees, directors, relatives, and all others in actual concert or participation with them be restrained from interfering with Counter-Plaintiffs business arrangements and contractual relationships.

106.    The acts, omissions, and conduct recited herein evidence Salsas' acts of tortious interference.

107.    Counter-Plaintiffs further seek from Salsas an award of actual damages, punitive damages, attorneys' fees, interest, and costs.

108.    Salsas' acts have resulted in damage to the Counter-Plaintiffs.

109.    Salsas has wrongfully and illegally filed trademark applications in the United States and Canada to block Grupo Vida from registering COCULA and Counter-Plaintiffs from using and protecting the COCULA brand.

110.    Salsas is trying to illegally block Counter-Plaintiffs from marketing the COCULA

17

brand in the United States so that Salsas can continue to misappropriate the COCULA brand and good will and business and interfere with Counter-Plaintiffs' business.

111. Salsas has tortiously interfered with Counter-Plaintiffs' rights to promote and protect the COCULA brand with trademark offices and Salsas' intent to use the COCULA brand is irreparably harming Counter-Plaintiffs' businesses.

112. Under the common law of the State of Texas, Counter-Plaintiffs are entitled to an injunction restraining Salsas, its officers, agents, employees, and all persons acting in concert with them, from engaging in any further such acts of tortious interference.

113. Counter-Plaintiffs are further entitled to recover from Salsas the damages Counter-Plaintiffs have sustained and will sustain and any gains, profits, and advantages obtained by Salsas as a result of Salsas' acts of tortious interference.

114. Counter-Plaintiffs are entitled to recover their lost damages, gains, profits, and advantages.

115. Salsas' acts of unfair competition are irreparably injuring Counter-Plaintiffs, and unless enjoined by this Court, will continue to do so.

116. Counter-Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent Salsas' continuing and wrongful acts.

### COUNT III:

### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

117. Counter-Plaintiffs repeat and hereby reallege the above allegations as if fully set forth herein.

118. Counter-Plaintiffs intend and are likely to derive future economic benefit from the COCULA brand and good will.

18

119.    Salsas knew of Counter-Plaintiffs' reasonable expectations of future economic benefit from the COCULA brand and good will.

120.    Absent Salsas' intentional diverting of Counter-Plaintiffs' business and goodwill, it is reasonably certain that Counter-Plaintiffs would have thereby gained an economic benefit.

121.    The conduct by which Salsas has interfered with Counter-Plaintiffs' prospective economic advantage is independently wrongful.

122.    Salsas' conduct has proximately caused Counter-Plaintiffs to suffer substantial damages.

123.    Salsas' acts of unfair competition are irreparably injuring Counter-Plaintiffs, and unless enjoined by this Court, will continue to do so.

124.    Counter-Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent Salsas' continuing and wrongful acts.

## COUNT IV:

## CANCELLATION OF PLAINTIFF'S TRADEMARK REGISTRATIONS AND APPLICATIONS

125.    Counter-Plaintiffs repeat and hereby reallege the above allegations as if fully set forth herein.

126.    Salsas obtained its trademark registrations by making false and fraudulent statements to the USPTO.

127.    Salsas filed its trademark applications for COCULA by making false and fraudulent statements to the USPTO.

128.    Salsas' claimed trade dress is functional and generic and is not capable of acquiring secondary meaning.

129.    Salsas' trademark registrations do not comply with the United States Trademark Law.

130.    Salsas' trademark applications for COCULA do not comply with the United States or Canada Trademark Law.

131.    Salsas is not entitled to trademark registrations from the USPTO on its trade dress.

132.    Salsas is not entitled to trademark registrations from the USPTO or Canada on COCULA.

133.    Salsas' acts have resulted in damage to the Counter-Plaintiffs and the Court should order the USPTO to cancel Salsas trademark trade dress registration and order Salsas to expressly abandon Salsas' trademark applications for COCULA.

134.    Counter-Plaintiffs further seek from Salsas an award of actual damages, punitive damages, attorneys' fees, interest, and costs.

135.    Salsas' acts are irreparably injuring Counter-Plaintiffs, and unless enjoined by this Court, will continue to do so.

136.    Counter-Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent Salsas' continuing and wrongful acts.

## COUNT V:

## CIVIL CONSPIRACY

137.    Counter-Plaintiffs repeat and hereby reallege the above allegations as if fully set forth herein.

138.    Salsas has conspired with others to wrongfully and unfairly misappropriate Counter-Plaintiffs' trademarks, goodwill and business.

139.    Salsas and others have committed overt acts in furtherance of this conspiracy.

140.    Salsas' acts have resulted in damage to the Counter-Plaintiffs.

141.    Counter-Plaintiffs further seek from Salsas an award of actual damages, punitive damages, attorneys' fees, interest, and costs.

142.    Salsas' acts of unfair competition are irreparably injuring Counter-Plaintiffs, and unless enjoined by this Court, will continue to do so.

143.    Counter-Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent Salsas' continuing and wrongful acts.

## COUNT VI:

## DECLARATORY JUDGMENT

144.    Counter-Plaintiffs repeat and hereby reallege the above allegations as if fully set forth herein.

145.    This count is based on the laws of the United States and the Texas Declaratory Judgment Act.

146.    A controversy exists between Counter-Plaintiffs and Salsas as to whether Salsas has valid trademark rights, valid trademark registrations, and valid trade dress, and whether Counter-Plaintiffs have infringed Salsas' claimed trade dress and engaged in unfair competition in violation of the U.S. Trademark Act and the common laws.

147.    A ruling by this Court will settle all disputes between Salsas and Counter-Plaintiffs.

148.    Counter-Plaintiffs are entitled to a declaratory judgment that Salsa has unclean hands.

149.     Counter-Plaintiffs are entitled to a declaratory judgment that Salsas' trade dress registrations are invalid and unenforceable.

150.    Counter-Plaintiffs are entitled to a declaratory judgment that they have not committed any violations of Salsas' alleged rights.

151.    Counter-Plaintiffs are entitled to a declaratory judgment that Salsas is not entitled to recover anything.

152.    Counter-Plaintiffs seek their attorneys' fees, interest, and costs as allowed under Chapter 38 of the Texas Civil Practice and Remedies Code.

153.    Counter-Plaintiffs further seek from Salsas an award of actual damages, attorneys' fees, interest, and costs.

154.    Salsas' acts of unfair competition are irreparably injuring Counter-Plaintiffs, and unless enjoined by this Court, will continue to do so.

155.    Counter-Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent Salsas' continuing and wrongful acts.

## COUNT VII
## FEDERAL UNFAIR COMPETITION

203.    Counter-Plaintiffs repeat and hereby reallege the above allegations as if fully set forth herein.

204.    Salsas has made false misrepresentations about the nature, characteristic and quality of its and Counter-Plaintiffs' goods, services, and/or commercial activities which also constitute trade disparagement in violation of 15 U.S.C. §1125.

205.    Salsas advertisements are literally and/or impliedly false, and misleading and in direct violation of 15 U.S.C. §1125 of the Lanham Act which provides in relevant part that "[a]ny person who, in connection with any goods or services . . . uses in commerce any . . . false or misleading description of fact or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin

of his or her or another person's goods, services, or commercial activities, shall be liable to a civil action by any person who believes that he or she is likely to be damaged by such act."

206.    Pursuant to 15 U.S.C. §1117, Counter-Plaintiffs are entitled to damages for Salsas' violations, an accounting of profits made by Salsas' on sales of its goods and services, and recovery of Counter-Plaintiffs' costs of this action.

207.    Salsas' actions have been calculated to confuse, mislead or deceive consumers, and to injure or to trade upon the goodwill of Counter-Plaintiffs.

208.    The acts of Salsas makes this an exceptional case, entitling Counter-Plaintiffs to an award of three times their actual damages pursuant to 15 U.S.C. §1117(a) and (b) and recovery of their reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

209.    Salsas'' acts are irreparably injuring Counter-Plaintiffs' goodwill and eroding Counter-Plaintiffs' share of the market, and unless enjoined by this Court, will continue to do so.

210.    Counter-Plaintiffs has no adequate remedy at law.

211.    Pursuant to 15 U.S.C. §1116, Counter-Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent Salsas continuing trade disparagement and false advertising.

## DEMAND FOR JURY TRIAL

Counter-Plaintiffs demand a jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE,** Counter-Plaintiffs pray that the Court enter judgment:

A.    Dismissing the Complaint with prejudice;

B.    Declaring that Salsas take nothing by way of the Complaint;

C.     That Salsas' trademark registrations were fraudulently obtained;

D.     That Salsas' trademark registrations be cancelled;

E.     That Salsas' trademark applications for COCULA were fraudulently made;

F.     That Salsas' trademark applications for COCULA should be ordered expressly abandoned;

G.     That Salsas' has unclean hands and its trademark registrations are unenforceable;

H.     That Salsas has tortiously interfered with Counter-Plaintiffs' prospective economic advantage;

I.     That Salsas has tortiously interfered with Counter-Plaintiffs businesses and contractual relationship;

J.     That Salsas has engaged in unfair competition;

K.     That Counter-Plaintiffs have not infringed Salsas' alleged trade dress;

L.     That Counter-Plaintiffs have not falsely designated the origin or source of their goods and services;

M.     That Counter-Plaintiffs have not engaged in unfair competition with Salsas;

N.     That Counter-Plaintiffs have not made any illegal or improper statement or representation whatsoever, or used any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of Counter-Plaintiffs' goods and services;

O.     That there is no likelihood of confusion between the product packaging of Salsas and Counter-Plaintiffs;

P.     That Counter-Plaintiffs have not violated 15 U.S.C. § 1125;

Q.     That Salsas has violated 15 U.S.C. § 1125;

24

R.      That Salsas' claimed trade dress is generic;

S.      That Salsas' claimed trade dress is functional;

212.    Counter-Plaintiffs are entitled to damages for Salsas' violations, an accounting of profits made by Salsas' on sales of its goods and services, and recovery of Counter-Plaintiffs' costs of this action.

203.    That this is an exceptional case, entitling Counter-Plaintiffs to an award of three times their actual damages pursuant to 15 U.S.C. §1117(a) and (b) and recovery of their reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

T.      That Counter-Plaintiffs be awarded exemplary and punitive damages from Salsas;

U.      That Counter-Plaintiffs be awarded their costs and reasonable attorneys' fees;

V.      That Counter-Plaintiffs are entitled to a preliminary and permanent injunction enjoining Salsas of violating the law and Counter-Plaintiffs' rights.

W.      Declaring that Counter-Plaintiffs be awarded their reasonable attorneys' fees and costs to the extent permitted by law; and

X.      Granting such other and further relief to Counter-Plaintiffs that the Court deems just and proper.

Dated:  June 8, 2012

Respectfully submitted,


/s/ Charles W. Hanor
Charles W. Hanor
Texas Bar No. 08928800
SD Bar No. 14735
Charles W. Hanor, P.C.
750 Rittiman Road
San Antonio, TX 78209
210-829-2002 Direct
210-842-9500 Mobile
210-829-2001 Fax
chanor@hanor.com

Counsel for Defendants,
Grupo Industrial Vida and Market 5201

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  All others will be served via Electronic Mail.

Keith Jaasma
PATTERSON & SHERIDAN, LLP
3040 Post Oak Blvd., Suite 1500
Houston, Texas 77056
Tel:  713-623-4844
Fax:  713-623-4846

OF COUNSEL:

Lawrence E. Abelman
Michael Aschen
Anthony Coppola
ABELMAN FRAYNE & SCHWAB
666 Third Avenue
New York, New York 10017
Telephone: (212) 949-9022
Facsimile: (212) 949-9190

/s/ Charles W. Hanor
Charles W. Hanor